**IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
VIRGINIA
Norfolk Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **V.** | ) **CRIMINAL NO. 2-22-cr-126-01** |
| | ) |
| | ) |
| **LEONARD TROMELL BROOKS,** | ) |
| | ) |
| **Defendant.** | ) |

<u>**Affidavit**</u>

1.  My name is Christopher J. O'Donnell. I am an attorney licensed in Virginia.

2.  On October 24, 2022, the Court appointed me, post-indictment, as the defense attorney to
    Leonard Tromell Brooks ("Mr. Brooks," hereafter) on this criminal matter, which was
    assigned case number 2:22-cr-126-01.  In that capacity, I conferred in person with Mr. Books
    about seven times and wrote him 11 letters memorializing in writing much of my counsel to
    him. Mr. Brooks pleaded guilty on January 10, 2023, pursuant to a Plea Agreement.

3.  In a motion to Vacate, Set Aside, or Correct Sentence that Mr. Brooks filed on May 16, 2024,
    under 28 U.S.C. § 2255 (at Document 144, page 4), Mr. Brooks alleged, in pertinent part:

    > Defendant contends that he repeatedly tried to convince his counsel that he was
    > not guilty of a 924(c) offense.  Thus, he was prepared to go to trial on the 924(c)
    > count only.  However, due to the misadvice of counsel he elected to take plea.
    > Counsel told defendant that he would automatically be exposed to a **mandatory
    > life sentence if he lost trial**.  Plea counsel's misadvice deprived defendant of his
    > right to make an informed decision, thus causing him to plea to offense where his
    > conduct didn't constitute crime. [Bold added for emphasis].

1

4. I have since reviewed my notes and correspondence to and from Mr. Brooks. I make this verified affidavit pursuant to Title 28 U.S.C. § 1746 and the Court's Order (ECF Document 175), which found that Mr. Brooks has waived attorney-client privilege and directed me to disclose  information "to the extent reasonably necessary to respond to the allegations in the § 2255 Motion…"

5. The firearm (i.e., an HS Produkt (IM Metal) Pistol, Model: XDS, Caliber: .45) that was the basis of the 924(c) violation was found pursuant to a search warrant executed at the home of Mr. Brooks on April 22, 2022.  The firearm was reportedly found by law enforcement in the bedroom of Mr. Brooks' home.  Law enforcement also recovered drugs and over $26,000 in drug proceeds.

6. At no time did I ever tell Mr. Brooks he faced a *mandatory life* sentence if he went to trial on that (or any other) charge and lost, nor did I tell him anything like that. That was not the case under the law, and Mr. Brooks was fully advised of the maximum sentence he could receive on that charge verbally and *in writing*.  In a single-spaced letter that spanned seven pages dated **December 20, 2022 (attached as Attachment A in redacted form),** that I sent to Mr. Brooks before his guilty plea, I advised Mr. Brooks in pertinent part:

> Similarly, while count eleven of your indictment (charging you with violation of 18 U.S.C. Section 924(c)(1)(A) (Possess, use and carry a firearm in furtherance of and during and about a drug-trafficking crime) carries with it a five-year mandatory minimum consecutive sentence, it did not require an adjustment to your base offense level for sentencing guideline purposes. That said, it is a Class A Felony (carrying five years to Life imprisonment, consecutive, up to a $250,000 fine and $100 special assessment). Notably, Mr. Brooks, had this been your second violation of the 924(c) statute; the mandatory minimum sentence would have jumped to 25 years.  I mention this to you for your future knowledge; you never want to be in this situation again. (Pages 3-4).

2

7. In that same letter, I also advised Mr. Brooks that he would have to stipulate to a Statement of Facts and that the decision to enter a guilty plea was his alone:

> I know that over our last two meetings, I read the entire Statement of Facts to you, and we spoke about it at some length. In this district, the court requires a stipulated Statement of Facts. The prosecution drafted this, and I reviewed it for accuracy. The Stipulation of Facts becomes part of the court record. At your guilty plea, the Court will ask if we have reviewed these items and if you understand them. And the Court will ask you if the Statement of Facts is true and correct; you must be able to honestly answer in the affirmative (i.e., say "yes"), so please let me know if you have any new concerns! It is my understanding today that the Statement of Facts is accurate. Please let me know if you think it is inaccurate before going further. And please understand that the Statement of Facts does not attempt to go over every fact relating to your involvement; in other words, it's not all-inclusive; it is just a summary.

> If any charges are to be dismissed (e.g., counts six and seven), the court requires a written plea agreement signed by the lawyers and the accused. We reviewed the provisions in the Plea Agreement at our last meeting, Mr. Brooks, but I wanted you to have a copy of each, so you could read it word-for-word yourself. Please note again that you are waiving any right to appeal, including, practically speaking, any appeal of the sentence you later receive, by having the plea agreement entered.

> When we last met, Mr. Brooks, you were understandably upset to hear about your sentencing guideline range, which the prosecutor and I have tentatively calculated at 30 years to life. And I cautioned you that the estimates we made were in the absence of my receiving a Pre-Sentence Report (PSR), which will be prepared by the U.S. Probation Office and come later after your conviction. I also tried to emphasize to you at our meeting that the guidelines are not binding on the Court; a court can impose a sentence based upon its consideration of certain statutory factors (the factors found in Title 18, United States Code, Section 3553(a), which I explain further below).

> *   *   *   *

> Please remember, Mr. Brooks, the decision on whether to go to trial or to plead guilty is YOURS, and I will respect your decision, whatever it is. However, based on our meeting several times, moving forward with a guilty plea is not only your best option but the only logical one to make, given the weight of the evidence and the lack of a viable defense. In closing, I realize this is a very stressful time in your life. I am doing everything I can to safeguard your interests as you go through this ordeal. I plan to meet you

again at the courthouse before your guilty plea, but if you need more time with me, please let me know, and I will arrange another jail visit. Thank you.

8.  In a subsequent letter to Mr. Brooks, dated **December 31, 202**2, I broke down the elements of the 924(c) offense that the Government must prove. I then followed that with my frank assessment of what would happen if he went to trial on it:

> Title 18, United States Code, Section 924(c)(1) makes it a crime to use or carry a firearm during and in relation to a crime of violence or a drug trafficking crime, or to possess a firearm in furtherance of a crime of violence or a drug trafficking crime. For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

> First, that the defendant used or carried a firearm; and

> Second, the defendant did so during and in relation to a crime of violence or a drug trafficking crime which may be prosecuted in federal court.

> OR

> First, the defendant possessed a firearm.

> Second, the defendant did so in furtherance of a crime of violence or a drug trafficking crime which may be prosecuted in federal court. In *United States v. King*, 628 F.3d 693 (4th Cir. 2011), the Fourth Circuit found that §924(c) penalizes two distinct types of conduct: "use or carrying of a firearm during and in relation to" and "possession of a firearm in furtherance of" a crime of violence or drug trafficking crime. F.3d at 699. Based upon your prior criminal record, the drugs found in your home, the drug proceeds found in your bedroom, and the gun with ammunition loaded in a magazine of your top dresser drawer in the same room as drug proceeds, I think a judge or juror would infer you possessed a firearm in furtherance of drug trafficking.

> I know this discussion was probably more specific and technical than you needed, but I thought it wise to ensure you had this detailed information before your guilty plea. I realize this is a difficult time for you, and I am trying very hard to ensure I have fully and adequately advised you. Thank you.

4

9.  In our in-person discussions of the violation of Title 18 U.S. C., Section 924(c), I also explained to Mr. Brooks that his conviction on that felony charge would make him ineligible to participate in the Residential Drug Abuse Program (RDAP) drug treatment program offered by the Bureau of Prisons. So, he could not receive any reduction in his incarceration time, for which people who complete the program are eligible. Mr. Brooks did not like hearing that and did not like the situation he found himself in. Mr. Brooks expressed to me more than once that he wanted me to do my utmost to get the prosecutor to drop the 924(c) charge.

10. However, despite my best efforts to do so, the prosecutor informed us that Mr. Brooks would have to agree to plead guilty to that offense (and others) if he wanted to benefit from a Plea Agreement the U.S. Attorney's Office was willing to enter with him. It was a take-it-or-leave-it deal.

11. In a subsequent letter that I sent to Mr. Brooks dated **January 3, 2023 (attached as Attachment C in redacted form**), I wrote:

> On Tuesday of next week, you are scheduled to enter a guilty plea pursuant to the Plea Agreement we reviewed.  When we met, you indicated your intention to plead guilty as set forth in that Plea Agreement.  And I also understood that you agreed with the Statement of Facts following our discussion.  I have repeatedly told you that the choice to plead guilty is entirely yours.  If you do not plead guilty, you will face trial and lose any credit for accepting responsibility.  There is also a distinct possibility that you would face additional federal criminal charges being filed by the government in a superseding indictment.  Some of the individuals named co-conspirators in your indictment are now scheduled to plead guilty, too.  One is pleading two days after your hearing.  If you go to trial, you can expect that they may appear as witnesses for the government against you.

12. In sum, I believed then and now that Mr. Brooks knowingly, intelligently, freely, and voluntarily entered into the Plea Agreement, signed off on the Statement of Facts, and pleaded guilty to the charges in conformity with his Plea Agreement. I believed his doing so

was in his best interests and that a good result was achieved for Mr. Brooks, given the weight

of the evidence, the nature of the charges, and his criminal history. I gave him sound legal

advice.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on November 5, 2024.        Signed: _____/s/_____
                                              Christopher J. O'Donnell, Esq.
                                              Virginia Bar #: 88519
                                              Christopher J. O'Donnell, PLLC
                                              100 7th Street, Suite 104
                                              Portsmouth, VA 23704
                                              (757) 301-0005 (office)
                                              cjoattorney@gmail.com

**ATTACHMENT A**

# CHRISTOPHER J. O'DONNELL

Attorney & Counselor at Law
Christopher J. O'Donnell, PLLC
100 7th STREET, SUITE 104
PORTSMOUTH, VIRGINIA 23704
TEL: (757) 301-0005
Email: cjoAttorney@Gmail.com

**THE CONTENTS OF THIS LETTER ARE PRIVILEGED AND CONFIDENTIAL AND ARE PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE.**

December 20, 2022

Mr. Leonard Brooks (prisoner)
Western Tidewater Regional Jail
2402 Godwin Boulevard
Suffolk, VA 23434

Dear Mr. Brooks:

I am writing to inform you that your guilty plea has been scheduled for **Tuesday, January 10, 2023, at 10 a.m.** I am enclosing a copy of the Plea Agreement and the Statement of Facts, which we both have already signed and which I have since provided to the United States Attorney's office.

I know that over our last two meetings, I read the entire Statement of Facts to you, and we spoke about it at some length. In this district, the court requires a stipulated Statement of Facts. The prosecution drafted this, and I reviewed it for accuracy. The Stipulation of Facts becomes part of the court record. At your guilty plea, the Court will ask if we have reviewed these items and if you understand them. And the Court will ask you if the Statement of Facts is true and correct; you must be able to honestly answer in the affirmative (i.e., say "yes"), so please let me know if you have any new concerns! It is my understanding today that the Statement of Facts is accurate.  Please let me know if you think it is inaccurate before going further. And please understand that the Statement of Facts does not attempt to go over every fact relating to your involvement; in other words, it's not all-inclusive; it is just a summary.

If any charges are to be dismissed (e.g., counts six and seven), the court requires a written plea agreement signed by the lawyers and the accused.  We reviewed the provisions in the Plea Agreement at our last meeting, Mr. Brooks, but I wanted you to have a copy of each, so you could read it word-for-word yourself. Please note again that you are waiving any right to appeal, including, practically speaking, any appeal of the sentence you later receive, by having the plea agreement entered.

8





[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Similarly, while count eleven of your indictment (charging you with violation of 18 U.S.C. Section 924(c)(1)(A) (Possess, use and carry a firearm in furtherance of and during and about a drug-trafficking crime) carries with it a five-year mandatory minimum consecutive sentence, it did not require an adjustment to your base offense level for sentencing guideline purposes. That said, it is a Class A Felony (carrying five years to Life imprisonment, consecutive, up to a $250,000 fine and $100 special assessment). Notably, Mr. Brooks, had this been your second violation of the 924(c) statute; the mandatory minimum sentence would have jumped to 25 years. I mention this to you for your future knowledge; you never want to be in this situation again.

[redacted]



 [redacted]

[redacted]

[redacted] I want to discuss, in greater detail, how the guilty plea hearing works.

**How A Guilty Plea Works**

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]





[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

- The accused is asked if they have discussed the sentencing guidelines with their attorney.

[redacted]

- The judge will also ask the accused if he understands that any estimate of the accused's sentencing guideline range received from their attorney, the prosecutor, or the probation office is not a promise but an estimate.



- The accused is also asked at a guilty plea whether they had sufficient time to discuss the facts and circumstances regarding their case with their defense counsel.  The accused will be asked whether they discussed entering a guilty plea with their attorney.

- The accused will be asked if the accused decided to plead guilty.

- The accused will be asked if they are pleading guilty because they are, in fact, guilty of the offense(s) charged.

- And finally, the court will ask the accused if they believe any of their constitutional rights were violated by the prosecution or law enforcement.

Please remember, Mr. Brooks, the decision on whether to go to trial or to plead guilty is YOURS, and I will respect your decision, whatever it is.  However, based on our meeting several times, moving forward with a guilty plea is not only your best option but the only logical one to make, given the weight of the evidence and the lack of a viable defense.  In closing, I realize this is a very stressful time in your life.  I am doing everything I can to safeguard your interests as you go through this ordeal.  I plan to meet you again at the courthouse before your guilty plea, but if you need more time with me, please let me know, and I will arrange another jail visit. Thank you.

Sincerely,


Christopher J. O'Donnell

**ATTACHMENT B**

# CHRISTOPHER J. O'DONNELL

Attorney & Counselor at Law
Christopher J. O'Donnell, PLLC
100 7th STREET, SUITE 104
PORTSMOUTH, VIRGINIA 23704
TEL: (757) 301-0005
Email: cjoAttorney@Gmail.com

**THE CONTENTS OF THIS LETTER ARE PRIVILEGED AND CONFIDENTIAL AND ARE PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE.**

December 31, 2022

Mr. Leonard Brooks (prisoner)
Western Tidewater Regional Jail
2402 Godwin Boulevard
Suffolk, VA 23434

Dear Mr. Brooks:

I am writing to review the "elements" of each criminal offense you have been indicted on. The Court will ask you if we reviewed the elements of each offense when you plead guilty. Although we have covered this sufficiently, I thought I would dive deeper and break down each offense into its individual elements. And so, I will go through each offense in detail, so you are thoroughly familiar with the elements of each offense.







[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

### 18 U.S.C. § 924(c) USING OR CARRYING A FIREARM DURING A CRIME OF VIOLENCE OR DRUG TRAFFICKING CRIME, OR POSSESSING A FIREARM IN FURTHERANCE OF A CRIME OF VIOLENCE OR DRUG TRAFFICKING CRIME § 924(c)(1)

Title 18, United States Code, Section 924(c)(1) makes it a crime to use or carry a firearm during and in relation to a crime of violence or a drug trafficking crime, or to possess a firearm in furtherance of a crime of violence or a drug trafficking crime. For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

First, that the defendant used or carried a firearm; and

Second, the defendant did so during and in relation to a crime of violence or a drug trafficking crime which may be prosecuted in federal court.

OR

First, the defendant possessed a firearm.

Second, the defendant did so in furtherance of a crime of violence or a drug trafficking crime which may be prosecuted in federal court. In *United States v. King*, 628 F.3d 693 (4th Cir. 2011), the Fourth Circuit found that §924(c) penalizes two distinct types of conduct: "use or carrying of a firearm during and in relation to" and "possession of a firearm in furtherance of" a crime of violence or drug trafficking crime. F.3d at 699. Based upon your prior criminal record, the drugs found in your home, the drug proceeds found in your bedroom, and the gun with

18

ammunition loaded in a magazine of your top dresser drawer in the same room as drug proceeds, I think a judge or juror would infer you possessed a firearm in furtherance of drug trafficking.

I know this discussion was probably more specific and technical than you needed, but I thought it wise to ensure you had this detailed information before your guilty plea. I realize this is a difficult time for you, and I am trying very hard to ensure I have fully and adequately advised you. Thank you.

Sincerely,

Christopher J. O'Donnell

**ATTACHMENT C**

**CHRISTOPHER J. O'DONNELL**
Attorney & Counselor at Law
Christopher J. O'Donnell, PLLC
100 7th STREET, SUITE 104
PORTSMOUTH, VIRGINIA 23704
TEL: (757) 301-0005
Email: cjoAttorney@Gmail.com

**THE CONTENTS OF THIS LETTER ARE PRIVILEGED AND CONFIDENTIAL AND ARE PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE.**

January 3, 2023

Mr. Leonard Brooks (prisoner)
Western Tidewater Regional Jail
2402 Godwin Boulevard
Suffolk, VA 23434

Dear Mr. Brooks:

[redacted]

[redacted]



On Tuesday of next week, you are scheduled to enter a guilty plea pursuant to the Plea Agreement we reviewed. When we last met, you indicated your intention to plead guilty as set forth in that Plea Agreement. And I also understood that you agreed with the Statement of Facts following our discussion. I have repeatedly told you that the choice to plead guilty is entirely yours. If you do not plead guilty, you will face trial and lose any credit for accepting responsibility. There is also a distinct possibility that you would face additional federal criminal charges being filed by the government in a superseding indictment. Some of the individuals named co-conspirators in your indictment are now scheduled to plead guilty, too. One is pleading two days after your hearing. If you go to trial, you can expect that they may appear as witnesses for the government against you.

22

Sincerely,


Christopher J. O'Donnell

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of November 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record, and that I caused a true and correct copy of the foregoing to be mailed to:

Leonard Tromell Brooks
Reg. No. 27897-510
FCI Gilmer
P.O. Box 6000
Glenville, West Virginia 26351

_____/s/_____
Christopher J. O'Donnell
Virginia Bar #: 88519
Christopher J. O'Donnell, PLLC
100 7th Street, Suite 104
Portsmouth, VA 23704
(757) 301-0005 (office)
cjoattorney@gmail.com

24